IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WENDY WILLIAMS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00211-JB-B |
| | * |
| **FOX NEWS NETWORK, LLC,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] On June 7, 2023, Plaintiff Wendy Williams commenced this action by filing a *pro se* complaint that was unsigned and did not include her address, e-mail address, or telephone number. (Doc. 1). At the time of filing, Williams did not pay the filing fee and did not file a motion to proceed without prepayment of fees.

In an order dated June 8, 2023, the Court ordered Williams to sign her complaint, include her signature, address, telephone number, and e-mail address on the complaint, and re-file the complaint no later than June 16, 2023. (Doc. 2 at 1). The Court also ordered Williams to either pay the filing fee or file a motion to proceed without prepayment of fees by June 30, 2023. (Id. at 2). Williams was cautioned that if she failed to comply with the

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(S).

1

Court's order within the prescribed time, the undersigned would recommend that this action be dismissed without prejudice for failure to prosecute and failure to obey the Court's order. (Id.).[2]

In response to the Court's order, Williams belatedly filed a signed complaint on June 26, 2023. (Doc. 3). Williams' complaint stated that "[t]his is a diverse action asserting Alabama state law claims for slander per se, slander, libel per se, defamation, and invasion of privacy" based on "outlandish, defamatory, and way-out fictional stories done by Fox 10" following Williams' arrest in October 2013. (Id. at 2). Specifically, the complaint alleged that after Williams was arrested by the Mobile Police Department on October 31, 2013, "Fox 10 . . . endorsed and repeatedly . . . broadcast . . . verifiably false and devastating lies" about Williams, including "Fox claiming that: (1). Wendy Williams was a credit doctor. (2). Wendy Williams had committed Identity theft. (3.) That Wendy Williams stole bad credit. (4). Wendy Williams had committed fraud." (Id.). The complaint stated that "Fox went on with this lie for several months." (Id.). The complaint further alleged that "Fox" falsely stated that Williams used drugs and slept outside. (Id. at 4). For relief, Williams sought, inter alia, "damages in amounts . . . not less than

---

[2] The undersigned directed the Clerk to send Williams her complaint (Doc. 1) and this Court's form for a motion to proceed without prepayment of fees. (Doc. 2 at 2).

2

75,000.00 . . . ." (Id. at 5).

In an order dated August 1, 2023, the Court found that Williams' complaint was deficient because it failed to sufficiently allege a basis for this Court's subject matter jurisdiction and was a shotgun pleading that violated the Federal Rules of Civil Procedure. (Doc. 4 at 3-9). With regard to subject matter jurisdiction, the undersigned noted that the complaint indicated that Williams was bringing only "Alabama state law claims" and was attempting to invoke this Court's diversity jurisdiction. (Id. at 6). However, the Court found that the complaint failed to allege sufficient facts to demonstrate that diversity jurisdiction exists in this case because it did not allege the citizenship of any party to this action and failed to plead the $75,000.01 threshold needed to support diversity jurisdiction. (Id. at 6-7).

The Court found that Williams' complaint was a shotgun pleading because it purported to assert "Alabama state law claims for slander per se, slander, libel per se, and invasion of privacy" but failed to separate each cause of action or claim for relief into a different count. (Id. at 8). In addition, the complaint failed to specify the factual grounds for each of Williams' several claims for relief, "making it impossible to discern what conduct the Defendant is alleged to have engaged in with respect to each distinct cause of action asserted in the complaint." (Id. at 8-

3

9). The Court also noted that Williams failed to clearly identify the Defendant(s) to this action because the complaint variously referenced "Fox News Network, LLC," "Fox media companies," "Fox 10," "Fox," and "Defendants," without making any apparent differentiation between those entities. (Id. at 9). Additionally, the Court noted that Williams had disregarded the Court's previous order directing her to either pay the filing fee or file a motion to proceed without prepayment of fees by June 30, 2023. (Id. at 9-10).

The Court ordered Williams to file an amended complaint addressing and correcting the noted deficiencies in her complaint by August 25, 2023. (Id. at 11-12). The Court also ordered Williams to either pay the filing fee or file a motion to proceed without prepayment of fees by August 25, 2023. (Id. at 10). The undersigned warned Williams that failure to fully comply with the Court's directives within the ordered time would result in a recommendation that this action be dismissed. (Id. at 10, 12).[3] The undersigned advised Williams that there would be no further warnings. (Id. at 10).

To date, Williams has not filed an amended complaint as

---

[3] The undersigned directed the Clerk to send Williams another copy of this Court's form for a motion to proceed without prepayment of fees, along with a copy of the Court's Pro Se Litigant Handbook. (Doc. 4 at 12). The undersigned encouraged Williams to review the Pro Se Litigant Handbook carefully and utilize it in drafting her amended complaint. (Id. at 12-13).

directed, despite being ordered to do so no later than August 25, 2023. Moreover, Williams has neither paid the filing fee nor filed a motion to proceed without prepayment of fees, in contravention of the Court's initial order for her to do so by June 30, 2023, and the Court's subsequent order for her to do so by August 25, 2023. Williams has not requested additional time to comply with the Court's order, she has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely comply with the Court's directives. Additionally, the docket reflects that none of the orders or documents sent to Williams in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or

5

follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Williams has made no apparent attempt to comply with the Court's order directing her to file an amended complaint by August 25, 2023, despite the Court's clear warning that her failure to timely file a complying amended complaint would subject this action to dismissal. Williams has also violated *two* orders directing her to either pay the filing fee or file a motion to proceed without prepayment of fees. Williams has not explained her failure to comply with the Court's orders, indicated that she is unable to comply, or sought additional time within which to comply. Williams' repeated failures to comply with this Court's orders suggests that she has lost interest in and abandoned the prosecution of this action. In light of Williams' failure to prosecute this action, and her failure to obey this Court's orders by timely filing a complying amended complaint and by either paying the filing fee or filing a motion to proceed without prepayment of fees as twice directed, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's

6

inherent authority.[4]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[4] "[T]he dismissal 'without prejudice' of an action barred by the statute of limitations is tantamount to a dismissal 'with prejudice'." Cogan v. Allianz Life Ins. Co. of N. Am., 592 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) (citation omitted). The Court notes that Williams appears to complain of defamatory statements and intrusions into her private affairs that occurred in 2013 or shortly thereafter, although the complaint does not specifically state when the actions complained of occurred. (See Doc. 3). Under Alabama law, the statute of limitations on a defamation claim is two years. See Ala. Code § 6-2-38(k) ("All actions of libel or slander must be brought within two years."). The two-year "statute of limitations for actions alleging libel or slander prescribes a period that runs from the date of publication—that is the date on which the injury to the plaintiff's reputation occurs and the cause of action is completed." Poff v. Hayes, 763 So. 2d 234, 242 (Ala. 2000); see also Harris v. Winter, 379 So. 2d 588, 590 (Ala. 1980) ("It is the law of Alabama that a cause of action for libel accrues when the libelous matter is published."). Similarly, "[i]nvasion of privacy claims are subject to the two-year statute of limitations set out in [Ala. Code] § 6-2-38(l)." Shuler v. Duke, 2018 U.S. Dist. LEXIS 90409, at *29, 2018 WL 2445685, at *11 (N.D. Ala. May 31, 2018), aff'd, 792 F. App'x 697 (11th Cir. 2019) (per curiam). Therefore, it appears that Williams' claims are barred by the applicable Alabama statute of limitations, and that a dismissal of this action without prejudice would be tantamount to dismissal with prejudice, because Williams would not have the ability to re-file her claims within the limitation period. Nevertheless, the undersigned submits that dismissal without prejudice is an appropriate sanction. First, it appears that Williams' claims are barred by the applicable statute of limitations whether raised in the instant action or in a subsequent action. Moreover, Williams' repeated failures to obey this Court's orders show a clear record of delay and willful misconduct, and it does not appear at this juncture that any lesser sanction will suffice to induce Williams' compliance with the Court's orders.

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **September, 2023.**

                                          /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**